UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., <br><br>　　Plaintiffs, <br><br>　vs. <br><br>PRECISION CONSTRUCTION SERVICES, INC., <br><br>　　Defendant. | Case No. 4:11CV02239 AGF |

## MEMORANDUM AND ORDER

Plaintiffs, AGC-Eastern Missouri Laborers' Joint Training Fund, Charles Bean, Joseph W. Beetz, Larry Bloomer, Construction Laborers Pension Trust of Greater St. Louis, Gary Elliott, Brandon Flinn, Robert Fritz, David Gillick, Donald Grant, Greater St. Louis Construction Laborers Welfare Fund, Phil Hocher, Adam Knoebel, Laborers International Union of North America, AFL-CIO, Cliff Land, Rich Ledbetter, Joseph Leritz, Raymond Linehan, Local Union Nos. 42-53-110, Pasquale Lopiccolo, William L. Luth, Richard McGuire, Richard McLaughlin, Norman Merlo, John B. Morgan, Jeffrey O'Connell, Perri Pryor, Jeff Schmidt, Jay Schultehenrich, John J. Smith, Sr., St. Louis Vacation Fund-Vacation Plan, Robert J. Wesolich, Donald Willey, and Francis R. Wojehowski, bring this action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185; and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, for delinquent fringe benefit contributions and other amounts allegedly owed by Defendant Precision

Construction Services, Inc. to the AGC-Eastern Missouri Laborers' Joint Training Fund, the Construction Laborers Pension Trust of Greater St. Louis, the Greater Saint Louis Construction Laborers Benefit Funds, the Laborers International Union of North America, AFL-CIO, and the St. Louis Vacation Fund-Vacation Plan (the "Plaintiff Funds").

**Background**

Plaintiffs served the complaint and summons on January 9, 2012, but Defendant has not entered an appearance or filed an answer. On February 10, 2012, Plaintiffs filed a Motion for Default Judgment to Compel an Accounting of Defendant's books and records. (Document No. 4.) On February 23, 2012, the Clerk of Court entered default against Defendant. (Document No. 7.) Defendant has since submitted to an audit, and Plaintiffs filed the present motion, accompanied by affidavits and exhibits, seeking a judgment based on that audit. (Doc. No. 12.[1]) Defendant has not filed a response to Plaintiffs' motion for default judgment.

**Applicable Law**

Default judgments are not favored in the law, and prior to granting a default judgment, a court should satisfy itself that the moving party is entitled to judgment, by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1.

---

[1] Plaintiffs sought and were granted leave to amend (Doc. No. 10) their original motion for default judgment (Doc. No. 9). The exhibits attached to the original motion are referenced herein as there was no need for Plaintiffs to amend the exhibits.

2

(E.D. Mo. Nov. 7, 2011). Entry of default by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Fingerhut Corp. v. Ackra Direct Marketing Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also* Fed.R.Civ.P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must, however, be proven. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El–Batrawi*, 524 F.3d 907, 916-17 (8th Cir. 2008) (holding that district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient); *Trustees of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co.*, No. 07 CV-39-LRR, 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA).

Pursuant to 29 U.S.C. §1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated

damages totalling twenty percent (20%) of the delinquency, interest, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2)(E). With respect to damages in an action for delinquent fringe benefit contributions, the findings of a plaintiff's accountant are deemed presumptively valid. In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C.2002) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979)).

**Analysis**

On September 7, 2004, Defendant executed an agreement, assenting to be bound to the collective bargaining agreement (CBA) between Laborers Locals 42-53-110 and the Site Improvement Association, effective from March 1, 2004 through February 28, 2009. (Doc. Nos. 5-2; 5-3; 9-5, ¶2 .) In signing the 2004-2009 CBA, Defendant agreed "to be bound by all subsequent agreements, renewals, changes or extensions thereto made by the original parties, unless notice of termination is given to the Union by the undersigned not less than sixty (60) days nor more than ninety (90) days prior to any termination date." (Doc. Nos. 5-3; 9-5, ¶3.) No notice of termination has been received from Defendant. *Id*. The original parties to the CBA negotiated a successor agreement, effective from March 1, 2009 to February 28, 2014. (Doc. Nos. 5-4; 9-5 ¶4.) Defendant is bound by the successor agreement by virtue of its assent to the previous CBA. *Id*.

Pursuant to the terms of the CBA and the successor agreement, Defendant is required to submit monthly reports and remit contributions to the Plaintiff Funds. (Doc. Nos. 5-3; 5-4; 9-5, ¶5.) Defendant has failed to remit the required contributions and was delinquent with respect to others (Doc. Nos. 5-4; 9-5, ¶5.) Pursuant to 29 U.S.C. § 1132(g)(2) and the terms of the CBA, Plaintiffs are entitled to recover in addition to all delinquent contributions, liquidated damages equal to 20% of delinquent contributions, as well as interest, attorneys' fees, and payroll examination costs. (Doc. Nos. 5-3; 5-4; 9-5, ¶¶5-7).

Plaintiffs' accountants conducted a payroll examination of Defendant's records for the period of March 1, 2008 through December 31, 2011. (Doc. No. 9-2, ¶3.) As set forth in the affidavits and exhibits on file, the examination reflected $23,962.14 in unreported contributions, $4,833.58 in liquidated damages, and $599.95 in interest for a total of $29,395.67. *Id.* at, ¶4; (Doc. No. 9-4.) Defendant also was delinquent in the reporting of hours worked and in making contributions to the funds with respect to these hours and, thus, incurred $12,873.18 in additional liquidated damages. (Doc. No. 9-5, ¶ 9.) In sum, Defendant has failed to pay contributions, liquidated damages, and interest totaling $42,268.85. *Id.* Upon review of the affidavits and exhibits submitted in support of these fees and costs, the Court finds that Plaintiffs have incurred $1,210.00 in payroll examination fees, $3,694.00 in attorney's fees, and $517.60 in costs. (Doc. Nos. 9-1, ¶¶ 5-6; 9-2, ¶5.)

Plaintiffs are entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages, interest, attorneys' fees, and costs and

have adequately supported their claim for these damages with the affidavits and exhibits on file. *See Contractors, Laborers, Teamsters & Engineers Health and Welfare Plan v. Hroch*, 757 F.2d 184, 189 (8th Cir. 1985); *Int'l Painters and Allied Trades Ind. Pension Fund v. Davanc Contracting, Inc.*, 808 F.Supp. 2d 89, 94 (D.D.C. 2011); *Trustees of Local 531 Pension Fund v. Flexwrap Corp.*, 818 F. Supp.2d 585, 592 (E.D.N.Y. 2011); *Trustees of the Minn. Ceramic Tile and Allied Trades Retirement Fund v. Legacy Tile and Marble*, No. Civ. 06-2965 (JNE/SRN), 2008 WL 624120, at *4 (D. Minn. Mar. 4, 2008); 29 U.S.C. §1132(g)(2). On the basis of the record before it, the Court concludes that Plaintiffs are entitled to a judgment in the amount of $47,690.45.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. No. 12) is **GRANTED**. A separate judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment to Compel an Accounting is **DENIED as moot**. (Doc. No. 4).

  *[signature]*
  _____
  AUDREY G. FLEISSIG
  UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2012.